## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALLSTATE INSURANCE CO.,<br>Plaintiff,<br><br>v.<br><br>GREGORY STEARNS, *p.p.a.* CRAIG D.<br>STEARNS,<br>Defendant. | No. 3:14-cv-1984 (SRU) |

## RULING AND ORDER

This case is a declaratory judgment action brought by an insurer against its insured. Craig D. Stearns is the named insured on a "Deluxe Homeowners Policy" issued by Allstate Insurance Company. The policy also covers relatives and dependents in Stearns's household, which includes his son Gregory, who is the defendant in a state court tort suit. Allstate, in its complaint and the present summary judgment motion (doc. # 18), seeks a declaration that the underlying litigation triggers no duty to defend or to indemnify under the policy. I heard oral argument on the motion on December 14, 2015, and though Stearns has not filed a cross-motion for summary judgment, both sides agreed at argument that there would be no outstanding issues after the resolution of this motion and that I could decide the case as a matter of law on the present record.

For the reasons that follow, Allstate's motion for summary judgment is granted with respect to the duty to indemnify the underlying assault claim; the motion is denied with respect the underlying negligence claim and the duty to defend Stearns in the state court action. On the basis of the mutual assent of the parties at oral argument that all issues can be decided as a matter of law, I *sua sponte* construe Stearns's arguments in his opposition memorandum as a cross-motion and grant summary judgment on the underlying negligence claim and on Allstate's duty to defend. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) ("[D]istrict courts are widely

acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence.").

## I.      Standard of Review

Summary judgment is appropriate when the record demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986) (plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment).

When ruling on a summary judgment motion, the court must construe the facts of record in the light most favorable to the nonmoving party and must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson*, 477 U.S. at 255; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970); *see also Aldrich v. Randolph Cent. Sch. Dist.*, 963 F.2d 520, 523 (2d Cir.), *cert. denied*, 506 U.S. 965 (1992) (court is required to "resolve all ambiguities and draw all inferences in favor of the nonmoving party"). When a motion for summary judgment is properly supported by documentary and testimonial evidence, however, the nonmoving party may not rest upon the mere allegations or denials of his pleadings, but must present sufficient probative evidence to establish a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995).

"Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991); *see also Suburban Propane v. Proctor Gas, Inc.*, 953 F.2d 780, 788 (2d Cir. 1992). If the nonmoving

party submits evidence that is "merely colorable," or is not "significantly probative," summary judgment may be granted. *Anderson*, 477 U.S. at 249–50.

> The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.

*Id.* at 247–48. To present a "genuine" issue of material fact, there must be contradictory evidence "such that a reasonable jury could return a verdict for the non-moving party." *Id.* at 248.

If the nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof at trial, then summary judgment is appropriate. *Celotex*, 477 U.S. at 322. In such a situation, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322–23; *accord Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995) (movant's burden satisfied if he can point to an absence of evidence to support an essential element of nonmoving party's claim). In short, if there is no genuine issue of material fact, summary judgment may enter. *Celotex*, 477 U.S. at 323.

"Construction of a contract of insurance presents a question of law for the court" and is appropriate for resolution at summary judgment. *Moore v. Cont'l Cas. Co.*, 252 Conn. 405, 409 (2000) (quoting *Pacific Indemnity Ins. Co. v. Aetna Casualty & Surety Co.*, 240 Conn. 26, 30 (1997)) (modification omitted). "The obligation of the insurer to defend does not depend on whether the injured party will successfully maintain a cause of action against the insured but on

whether he has, in his complaint, stated facts which bring the injury within the coverage. If an allegation of the complaint falls even possibly within the coverage, then the insurance company must defend the insured." *Id.* (quoting *Flint v. Universal Machine Co.*, 238 Conn. 637, 646 (1996), and *Schwartz v. Stevenson*, 37 Conn. App. 581, 585 (1995)) (quotation marks and citations omitted). "The question of whether an insurer has a duty to defend its insured is purely a question of law, which is to be determined by comparing the allegations of [the] complaint with the terms of the insurance policy." *Cmty. Action for Greater Middlesex Cty., Inc. v. Am. All. Ins. Co.*, 254 Conn. 387, 395 (2000). "Because the duty to defend is significantly broader than the duty to indemnify, 'where there is no duty to defend, there is no duty to indemnify . . . .'" *DaCruz v. State Farm Fire & Cas. Co.*, 268 Conn. 675, 688 (2004) (quoting *QSP, Inc. v. Aetna Casualty & Surety Co.*, 256 Conn. 343, 382 (2001)).

## II.   Background

### A.   Underlying Facts and Litigation

Gregory Stearns and Benjamin Lassow are teenage boys who in December 2012 were in a fistfight after school on the athletic fields at E.O. Smith High School in Mansfield, Connecticut. The details surrounding the fight are disputed, but a witness who claimed to be a friend of both boys gave his account in a written statement to the police.[1] He reported that he was hanging out by the track with Stearns and other friends while Lassow was running laps at hockey practice; that Lassow, while running laps, smirked at Stearns, that Stearns said "hey buddy," and that Lassow replied "hey faggit" [*sic*]. After that, according to the witness, Lassow ran one more lap and exchanged more words with Stearns, then left the track, approached Stearns, and asked whether he wanted to fight. Stearns then allegedly hopped over a fence to

---

[1] *See* Kozin Statement, Def.'s Mem. Opp. Sum. J., Ex. 2 (doc. # 19-2).

approach Lassow, the two boys squared up to fight, and Stearns punched Lassow on the nose. Lassow, according to the witness, stumbled backward, his brother approached, and Stearns fled. The police charged both Lassow and Stearns with Breach of Peace.

As a result of that altercation, Lassow (by his father and next friend, Michael Lassow) sued Stearns (by his father and next friend, Craig Stearns) in Connecticut Superior Court,[2] pleading claims for assault and negligence. Lassow alleges that his nose, nasal septum, and orbital floor were broken, and that he suffered nerve damage to his eye, and damage to his teeth, lips, and face, some of which may be permanent.

Stearns is insured for the relevant period under an Allstate Deluxe Homeowners Policy issued to his father, and Allstate has been providing his defense under a reservation of rights and defenses.[3] Allstate has brought this declaratory judgment action seeking a declaration that the allegations in the underlying complaint do not implicate its coverage and that is has no duty to indemnify or defend against that lawsuit.

### B.   Insurance Policy

Allstate insured Gregory Stearns under Allstate Deluxe Homeowners Policy #925 301229 08/14, issued to Craig Stearns as named insured.[4] The pertinent portions of the policy are as follows:

> **Definitions Used in This Policy**
>
> 3. **"Insured person(s)"** means **you** and, if a resident of **your** household:
> (a) any relative; and
> (b) any dependent person in **your** care.

---

[2] *See* State Compl., Pl.'s Mem. Supp. M. Sum. J., Ex. B (doc. # 18-4).
[3] *See* Reservation of Rights Letter, Pl.'s Mem. Supp. M. Sum. J., Ex. C (doc. # 18-5).
[4] *See* Policy, Pl.'s Mem. Supp. M. Sum. J., Ex. A (doc. # 18-3).

4. "**Bodily injury**" means physical harm to the body, including sickness or disease, and resulting death . . . .

9. **"Occurrence"** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions during the policy period, resulting in **bodily injury** or **property damage**.

### Section II — Family Liability and Guest Medical Protection

**Coverage X**
**Family Liability Protection**

**Losses We Cover Under Coverage X:**

Subject to the terms, conditions and limitations of this policy, **Allstate** will pay damages which an **insured person** becomes legally obligated to pay because of **bodily injury** or **property damage** arising from an **occurrence** to which this policy applies, and is covered by this part of the policy.

**We** may investigate or settle any claim or suit for covered damages against an **insured person**. If an **insured person** is sued for these damages, **we** will provide a defense with counsel of **our** choice, even if the allegations are groundless, false or fraudulent. **We** are not obligated to pay any claim or judgment after **we** have exhausted **our** limit of liability.

**Losses We Do Not Cover Under Coverage X:**

1. **We** do not cover **bodily injury** or **property damage** intended by, or which may reasonably be expected to result from the intentional or criminal acts of the **insured person**.

This exclusion applies even if:

a) such **bodily injury** or **property damage** is of a different kind or degree than that intended or reasonably expected; or

b) such **bodily injury** or **property damage** is sustained by a different person than intended or reasonably expected.

This exclusion applies regardless of whether or not such **insured person** is actually charged with, or convicted of, a crime….

6

**Coverage Y**
**Guest Medical Protection**

**Losses We Cover Under Coverage Y:**

**Allstate** will pay the reasonable expenses incurred for necessary medical, surgical, x-ray and dental services; ambulance, hospital, licensed nursing and funeral services; and prosthetic devices, eye glasses, hearing aids, and pharmaceuticals. . . .

**Losses We Do Not Cover Under Coverage Y:**

1. **We** do not cover **bodily injury** intended by, or which may reasonably be expected to result from the intentional or criminal acts of the **insured person**. This exclusion applies even if:

a) such **bodily injury** is of a different kind or degree than that intended or reasonably expected; or

b) such **bodily injury** is sustained by a different person than intended or reasonably expected.

This exclusion applies regardless of whether or not the **insured person** is actually charged with, or convicted of, a crime….

Policy, Pl.'s Mem. Supp. M. Sum. J., Ex. A 2–3, 21, 23 (doc. # 18-3); Policy Endorsement, AP730-1, at 2–3 (doc. #18-3 at 59–60).

## III.    Analysis

Allstate argues that the allegations in the complaint do not implicate the policy because they are all allegations of an intentional assault and therefore cannot constitute an "occurrence," which the policy defines as "an accident"; and, additionally (though it amounts to the same argument), because they are allegations of intentional or criminal acts, which the policy expressly excludes. Stearns does not contest the argument that an intentional assault is not an "occurrence" and is expressly excluded from coverage, but he argues that he should be defended and (at least potentially) indemnified under the policy anyway because he asserted in his answer to the underlying complaint a claim of self-defense, and injuries caused while reasonably acting

in self-defense are considered unintentional accidental occurrences by Connecticut courts; and because the underlying complaint also includes a negligence claim, which is the typical non-intentional tort such policies generally cover.

As an initial matter, I observe that Allstate easily prevails on the issue of indemnification of the assault claim. The intentional tort of assault is clearly not an "accident" under the policy and it falls under the intentional or criminal act exclusion. Thus, if Stearns's self-defense argument fails in the state court and he is found liable for assault, that liability will fall outside of coverage (as defense counsel candidly conceded at oral argument). I accordingly grant summary judgment to Allstate and declare that the policy does not provide indemnification coverage for the assault claim.

The negligence claim, however, presents a live question.

A. Negligence

Lassow's state-court complaint is very spare, but in addition to the assault claim, and apparently pleading in the alternative, it alleges that Stearns "negligently and carelessly caused [Lassow] to be struck in the nose, right eye and face" (doc. # 18-4 at 6). Allstate argues that because the underlying conduct is apparently the same as the alleged assault, and perhaps also because the complaint does not allege additional facts to clearly distinguish the negligence theory from the assault theory, the negligence claim should be treated as a merely formal recasting of the assault claim. Attaching the legal label of "negligence," Allstate argues, does not change the nature of the factual allegations, which are identical to the assault claim and therefore subject to the same conclusion: not an accident or occurrence and excluded by the intentional or criminal act exclusion.

That is a relatively strong argument, because it is true that "Connecticut courts look past the terminology in pleading" to find that "there is no duty to defend a negligence action which is actually based on intentional acts by the insured." *Middlesex Ins. Co. v. Mara*, 699 F. Supp. 2d 439, 456 (D. Conn. 2010). In other words, "merely describing an action in terms of 'negligence' is of no consequence when the action itself 'can only be deemed intentional.'" *Id.* at 457 (quoting *Middlesex Mutual Assur. Co. v. Rand*, 1996 WL 218698, at *2 (Conn. Sup. 1996)). That argument fails in this case, however, because setting aside the formal labels in the complaint and considering all of the allegations in the pleadings as a whole, it is not true that the action alleged "can only be deemed intentional" as a matter of law in Connecticut.

In his state-court answer, Stearns pleads self-defense. As I will discuss further below, the Connecticut Supreme Court held in *Vermont Mutual Insurance Company v. Walukiewicz*, 290 Conn. 582 (2009), that injuries caused by actions taken in self-defense can be "accidents" and "occurrences" (and therefore not "deemed intentional") under insurance policies like the one in this case. But even without wading deeply into *Vermont Mutual*, the negligence claim is given life independent of the assault claim by the fact that the Connecticut Supreme Court has clearly indicated[5] that the negligent use of self-defense—that is, a claim that "the defendant unreasonably perceived a threat to his person and, in response, used excessive force to protect himself"—is a viable theory of tort liability in this state. *Brown v. Robishaw*, 282 Conn. 628, 640 (2007). "[A] party who overreacts to a perceived threat may be held liable in negligence if his actions are unreasonable in light of the circumstances." *Id.* at 638. Lassow does not very clearly plead this theory, but he alternatively pleads both assault and negligence in reference to the same

---

[5] I say "indicated" rather than "held" because, strictly speaking, the holding of *Brown v. Robinshaw*, 282 Conn. 628 (2007), is that self-defense can be a valid defense to a negligence claim, and that a defendant in a negligence action may be entitled to a jury charge on self-defense. The Court nevertheless leaves no doubt about its acknowledgment of the viability of the tort of negligent self-defense. *See id.* at 638–40.

conduct, and Stearns answers with a claim of self-defense; the pleadings therefore surely carry the potential for a finding of liability for negligent self-defense, in the event that the fact-finder is convinced that Stearns believed he was acting in self-defense rather than assaulting Lassow but also that his self-defense was an excessive and unreasonable overreaction. In light of the holding in *Vermont Mutual*, there can be no doubt that such a verdict would trigger a duty to indemnify; and that possibility triggers the duty to defend against the litigation.

Summary judgment for Allstate must therefore be denied with respect to the duty to defend and with respect to the duty to indemnify the negligence claim. Summary judgment on those issues shall correspondingly enter for Stearns. In sum, a declaratory judgment shall enter that Allstate has a duty to defend against the state-court action, and a duty to indemnify any damages attributable to the negligence claim; Allstate has no duty to indemnify any damages attributable to the assault claim.

B. <u>*Vermont Mutual* as a Special Duty-to-Defend Exception</u>

The discussion above is sufficient to dispose of this case. I continue, however, in order to note that if the underlying litigation had included only an assault claim (or a claim of some other intentional tort) and no negligence claim, I would have been confronted with a circumstance that was alluded to but not squarely addressed by the Connecticut Supreme Court in *Vermont Mutual* or by the analogous opinions from other jurisdictions. The claim that any injuries inflicted by the insured were inflicted in self-defense is, as *Vermont Mutual* explains, a claim of non-intentional or accidental harm, but that is importantly a claim of *non-liability*, not a claim of liability. If the self-defense argument fails, then the defendant is found liable for assault, which is not an accident or occurrence, and the insurer has no duty to indemnify; if, on the other hand, the self-defense argument succeeds, then the defendant is found *not* liable for assault and the insurer still

has no duty to indemnify (because there is no liability and nothing to indemnify). In neither case will the insurer have a duty to indemnify.[6] The treatment of self-defense injuries as unintentional accidental occurrences is a good argument for the self-defending insured to be covered for *his own injuries* sustained while defending himself, but it would not appear to be an argument that the insurer should (or even *could*) be on the hook for injuries the insured reasonably inflicted on a third party while defending himself against that third party and therefore for which no liability will attach to the insured. And, by the usual rule of law, if the injury alleged in the complaint cannot "even possibly" fall under the coverage—as assault and intentional tort injuries caused by the insured cannot, because they will not be indemnified irrespective of any self-defense argument—then neither would there be any duty to defend.

The implication of the holding of Connecticut Supreme Court in *Vermont Mutual*, however, seems to be that there *would* be a duty to defend in such a case, despite there being no possibility of a duty to indemnify. I hesitate to say that *Vermont Mutual* compels that outcome, because the Court in that case was addressing a negligence action rather than an intentional tort (though judging from its facts, it appears the action could have been brought as an assault claim). Moreover, the *Vermont Mutual* Court does not expressly announce that it is creating or recognizing a special exception to the usual duty-to-defend analysis, though that appears to be at least a very reasonable interpretation of the decision. The Court's language is suggestive of that outcome when it notes that, despite the issue of the duty to defend having already been made moot in that case, "the principles . . . articulated typically will implicate, primarily, an insurer's duty to defend." 290 Conn. at 590. The Court emphasized a quotation from *Appleman on Insurance*: "The insurer has a duty to defend any claim within coverage; if intentional acts of

---

[6] The *Vermont Mutual* Court alludes to this in its extended quotation of a "prominent commentator on the law of insurance," 290 Conn. at 590–91, but does not clearly articulate what it means.

self-defense are within coverage, the insurer has a duty to defend the insured whenever the insured claims he or she acted in self-defense and the plaintiff was injured thereby." 290 Conn. at 591 (quoting 18 E. Holmes, Appleman on Insurance (2d 2001) § at 123.1[B], p. 59) (italics removed). Assault and intentional torts are not within coverage; but the holding of *Vermont Mutual* is that intentional acts of self-defense *are* within coverage. Does that create a duty to defend whenever an insured defendant raises the affirmative defense of self-defense, even though that defense, if successful, will ensure that the plaintiff's injury is *outside* coverage (as it will also be if the defense fails), since there would be no liability for it?

I do not reach the question in this case, but it appears that may be the state of the law. Allstate argued at the motion hearing that *Vermont Mutual* cannot mean that intentional tort defendants with similar insurance policies can simply plead self-defense as a matter of course, no matter how implausible, and then their insurers will be obligated to pay their defense costs until a court decision eliminates the self-defense argument. I agree that that would be a curious outcome—and it may also conflict with the plain language of the insurance policies[7]—but it might simply be the public policy choice the Connecticut Supreme Court made in *Vermont Mutual*. If so, however, it would be a stark departure from the traditional rule that the duty to defend is triggered by the possibility of a duty to indemnify. If it is indeed a special exception to the general rule—a duty to defend where there can be no possibility of a duty to indemnify—it warrants a clearer statement of the law from the appellate courts of Connecticut.

---

[7] Policy language varies, of course, but the policy in this case says that Allstate "may investigate or settle any claim or suit for *covered damages* against an insured person" and that it will provide a defense against a suit "for *these damages*." Policy, Pl.'s Mem. Supp. M. Sum. J., Ex. A at 21 (doc. # 18-3 at 45) (emphasis added). That language reflects the traditional rule that the duty to defend follows the possibility of a duty to indemnify. And an assault claim, for instance, would not be a suit for "covered damages."

**IV.    Conclusion**

Allstate's motion for summary judgment is granted with respect to the indemnification of the underlying assault claim. It is denied with respect to the duty to defend and with respect to the duty to indemnify the negligence claim, and summary judgment is correspondingly granted for Stearns. In sum, a declaratory judgment shall enter that Allstate has a duty to defend against the state-court action, and a duty to indemnify any damages attributable to the negligence claim, but it has no duty to indemnify any damages attributable to the assault claim. The Clerk shall enter judgment and close this case.

So ordered.

Dated at Bridgeport, Connecticut, this 4th day of January 2016.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge